UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RICKY DEAN LOOKINGBACK, as named plaintiff on behalf of a class,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, Pennington County Sheriff, in his official and individual capacity; LUCAS OYLER, Pennington County 24-7 Program Administrator, in his official and individual capacity; PENNINGTON COUNTY, SOUTH DAKOTA; and JOHN DOES 1 TO 10,<br><br>Defendants. | 5:23-CV-05065-LLP<br><br>1915A SCREENING |

    Plaintiff, Ricky Dean Lookingback, a represented inmate at the Pennington County Jail, filed a class action lawsuit under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments. Doc. 1. Lookingback paid his initial filing fee. The Court shall screen Lookingback's complaint pursuant to 28 U.S.C. § 1915A.

**FACTUAL BACKGROUND**

    Lookingback claims that the defendants violated his Fourth and Fourteenth Amendment rights because he was arrested and incarcerated due to his inability to pay the fees required to participate in the 24-7 Program. *Id.* ¶¶ 1, 16. Lookingback alleges that he is "an indigent person[.]" *Id.* ¶ 1. He was released from the Pennington County Jail on September 21, 2023, conditioned on his participation in the 24-7 Program. *Id.* ¶ 5. On September 23, 2023, Lookingback appeared at the 24-7 Program office but did not have the required $10 to begin participating in the program. *Id.* ¶ 6. He alleges that because of his inability to pay the $10 fee he was arrested and transported to the Pennington County Jail without any due process. *Id.*

Lookingback was not provided counsel or a hearing prior to and during his arrest and incarceration to determine his inability to pay the fee. *Id.* ¶¶ 1, 6. He alleges that "[e]ven if he is released, he faces reincarceration at any time for the same reasons and pursuant to the same policies, practices, and procedures." *Id.* ¶ 7. Lookingback claims that the defendants "established, implemented, and enforce the policies, practices, and procedures that have caused, currently cause, and will in the future cause people to be incarcerated because of their poverty for inability to pay the fees required to participate in the 24/7 Program[.]" *Id.* ¶ 9.

Lookingback sues Pennington County Sheriff Brian Mueller and 24-7 Program Administrator Lucas Oyler in their individual and official capacities. *Id.* ¶ 2. Lookingback also sues Pennington County and John Does 1 to 10 in their official capacities.[1] *Id.* He alleges that "John Does 1 to 10 are people and entities who counseled, assisted, advised, aided, abetted, or otherwise helped Mueller, Oyler, and Pennington County to establish, implement, and enforce the policies, practices, and procedures complained of in this lawsuit." *Id.* He brings claims against all defendants for violation of his Fourth and Fourteenth Amendment rights. *Id.* ¶ 16. Lookingback seeks a preliminary and permanent injunction on behalf of himself and "other indigent people who – without counsel and without a hearing to determine their ability to pay – are or will in the future be incarcerated in Pennington County because of inability to pay the fees required to participate in the 24-7 Program." *Id.* ¶ 4. Lookingback asks this Court for class action certification, asserting the requirements of numerosity, commonality, typicality, and adequacy are met. *Id.* ¶¶ 10-15. During the 1915A screening, the Court will not consider whether to certify a class.

---

[1] When a plaintiff does not specify whether he is suing defendants in their individual or official capacity the court considers the suit to be against the defendants solely in their official capacity. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

## LEGAL BACKGROUND

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory").

Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now assess each claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Claims Against Pennington County

Lookingback sued Mueller and Oyler in their individual and official capacities as well as Pennington County and John Does 1 to 10 in solely their official capacities. Doc. 1 ¶ 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against

3

the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A county or local government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Here, Lookingback alleges that the defendants were executing Pennington County's policies and custom. Doc. 1 ¶¶ 2, 9. Lookingback's official capacity claims are, in effect, against Pennington County. Lookingback alleges that "Defendants acted willfully, intentionally, maliciously, and with gross and reckless disregard of the constitutional rights of Lookingback and the class." *Id.* ¶ 18. He also alleges that the defendants "counseled, assisted, advised, aided, abetted, or otherwise helped Mueller, Oyler, and Pennington County to establish, implement, and enforce the policies, practices, and procedures complained of in this lawsuit." *Id.* ¶ 2. Because Lookingback has alleged facts that support a claim that Pennington County has executed an unconstitutional policy or custom and that the defendants were personally involved in executing the government's policy or custom, his official capacity claims against the defendants and Pennington County survive § 1915A screening.

II.     **Fourth Amendment Claims**

Lookingback brings claims against the defendants in their individual and official capacities for violation of his Fourth Amendment right to be free from illegal search and seizure. Doc. 1 ¶ 16. The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. Lookingback has not alleged any facts claiming he was subject to an unreasonable search. He is presumably alleging an improper seizure for his arrest when he was unable to pay the fees required for the 24-7 Program. *See* Doc. 1 ¶ 16.

4

The Fourth Amendment requires an arrest to be supported by probable cause. *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). An officer has probable cause for an arrest "when the totality of the circumstances demonstrates that a prudent person would believe that the arrestee has committed or was committing a crime." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999).

Lookingback alleges his release was conditioned on his participation in the 24-7 Program. Doc. 1 ¶ 5. He claims that he did not participate in the program because he was unable to pay the fee. *Id.* He does not allege an absence of probable cause or any grounds why his arrest was a constitutional violation; he solely states that his incarceration "violated his right under the Fourth Amendment to be free from illegal search and seizure[.]" *Id.* ¶ 16. Because Lookingback failed to state additional facts beyond a conclusory statement that his Fourth Amendment rights have been violated, his Fourth Amendment claims are dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

### III. Fourteenth Amendment Claims

#### A. Equal Protection

Lookingback alleges that his Fourteenth Amendment right to equal protection has been violated because the policies, practices, and procedures cause indigent people to be treated differently. Doc. 1 ¶ 16. The equal protection clause of the Fourteenth Amendment requires that the government "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quoting *Rouse v. Benton*, 193 F.3d 936, 942 (8th Cir. 1999)). A plaintiff must first demonstrate that he was treated "differently than others who were similarly situated to h[im]." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994); *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018) ("[d]issimilar treatment of

5

dissimilarly situated persons does not violate equal protection" (alteration in original) (quoting *Klinger*, 31 F.3d at 731)).

An equal protection violation also requires "an intent to discriminate." *In re Kemp*, 894 F.3d at 910; *see also Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) (citing *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987)) ("In the absence of any allegations of intentional discrimination, we therefore concluded the Equal Protection Clause did not provide a ground for relief for appellant's section 1983 race discrimination claim."). An equal protection claim has been recognized through a "class of one" where a "plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Lookingback alleges that indigent people who are incarcerated are treated differently than non-indigent incarcerated people. Doc. 1 ¶ 16. He states that "the same policies, practices, and procedures will cause poor people to be incarcerated in Pennington County for the same reasons in the future." *Id.* He claims that the defendants acted "willfully, intentionally, maliciously, and with gross and reckless disregard[.]" *Id.* ¶ 18. At this time, taking all facts asserted by Lookingback as true, which the Court is required to do at this stage, the Court cannot say that Lookingback's Equal Protection claims are wholly without merit. Thus, Lookingback's Fourteenth Amendment Equal Protection claims survive § 1915A Screening.

**B.    Due Process**

Lookingback alleges his Fourteenth Amendment Due Process rights were violated because he was arrested with "no hearing to determine his ability to pay and no counsel to represent him[.]" Doc. 1 ¶¶ 1, 16. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its

procedural protection must establish that one of these interests is at stake." *Smith v. McKinney*, 954 F.3d 1075, 1079 (8th Cir. 2020) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).

Here, Lookingback alleges he has been arrested and deprived of liberty because of his inability to pay the fees associated with participation in the 24-7 Program. Doc. 1 ¶¶ 1, 16. Construing Lookingback's complaint as true, he states facts showing that he was arrested for failure to pay without any due process evaluating his ability to pay. *Id.* Thus, Lookingback's Fourteenth Amendment Due Process claims survive § 1915A Screening.

## PRELIMINARY INJUNCTION

Lookingback requests in his complaint a preliminary injunction. Doc. 1 at 6. "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that "the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction." *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Because at this stage in the proceeding it is too early to determine whether a preliminary injunction should be granted, the Court will not rule on a preliminary injunction at this time.

Accordingly, it is ORDERED

1. That Lookingback's claims against Pennington County and the defendants in their official capacities for executing an unconstitutional policy survive § 1915A Screening.

7

2. That Lookingback's Fourth Amendment claims are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

3. That Lookingback's Fourteenth Amendment Equal Protection claims against all defendants survive § 1915A screening.

4. That Lookingback's Fourteenth Amendment Due Process claims against all defendants survive § 1915A screening.

5. That Lookingback's motion for a preliminary injunction is not ruled upon at this time.

6. Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

DATED October 4th, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK