UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RICKY DEAN LOOKINGBACK,<br><br>        Plaintiff,<br><br>  v.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, IN OFFICIAL AND INDIVIDUAL CAPACITY; LUCAS OYLER, PENNINGTON COUNTY 24-7 PROGRAM ADMINISTRATOR, IN OFFICIAL AND INDIVIDUAL CAPACITY; PENNINGTON COUNTY, SOUTH DAKOTA, JOHN DOES 1 TO 10,<br><br>        Defendants. | 5:23-CV-05065-CCT<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

      This matter is before the Court on an unopposed motion for preliminary approval of class action settlement by Plaintiff Ricky Dean Lookingback. Docket 85. The motion requests the Court preliminarily approve the settlement agreement reached between Plaintiff and Defendants Pennington County Sheriff Brian Mueller, Program Administrator Lucas Oyler, and Pennington County. *Id.* The motion further requests that the Court preliminarily approve the settlement class and approve the plan for giving notice to the class. *Id.* The Court held a hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) on November 25, 2025. Docket 90. Having considered the proposed settlement, all accompanying papers, and the matters addressed at the November 25 hearing, the Court concludes that the proposed settlement satisfies the criteria for

preliminary approval and that the proposed settlement class should be preliminarily certified. The Court also approves the notice plan as modified at the November 25 hearing. Accordingly, the Court issues the following rulings and orders.

### Preliminary Certification of the Proposed Settlement Class

The Court preliminarily certifies the following settlement class:

> Lookingback and other indigent people who—without counsel and without a hearing to determine their ability to pay—have been or will in the future be incarcerated in Pennington County, or threatened with incarceration or sanctions, based in whole or in part on inability to pay the fees required to participate in the 24-7 Program.

Docket 84-1 ¶ 1.

The Court preliminarily determines that for settlement purposes the proposed settlement class meets all the requirements of Federal Rule of Civil Procedure 23(a), namely that the class is so numerous that joinder of all members is impractical; there are common questions of law and fact to class; the claims of the class representative are typical of absent class members; the class representative will fairly and adequately protect the interests of the class as he has no interest antagonistic to or in conflict with the class; and the class representative has retained experienced and competent counsel to prosecute this matter.

The Court further preliminarily determines that for settlement purposes the class certification would be appropriate under Rule 23(b)(1) and Rule 23(b)(2) because "individual adjudications would be impossible or unworkable" and "the relief sought . . . perforce affect the entire class at once[.]" *See Wal-*

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361–62 (2011).

The Court designates and appoints Plaintiff Ricky Dean Lookingback as the settlement class representative. The Court finds that Attorney James D. Leach is experienced and will adequately protect the interests of the settlement class and thus designates and appoints James D. Leach as settlement class counsel pursuant to Rule 23(g).

## Preliminary Approval of the Proposed Settlement

The proposed settlement at Docket 84-1 is made part of the Court's order. The Court notes that whether class counsel is entitled to an award of attorney fees and costs and, if so, how much is expressly excluded from the proposed settlement.

Upon preliminary review, the Court finds the proposed settlement incorporated herein appears: to have been negotiated at arm's length; to be the product of serious, informed, and non-collusive negotiations; that it will not improperly grant preferential treatment to the class representative; to be fair, reasonable, and adequate when balanced against the probable outcome of further litigation relating to class certification, defenses, liability, damages, and potential appeals; and that it will avoid substantial costs, delay, and risks that would otherwise be presented by further prosecution of the litigation. The Court has also considered "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th

Cir. 2015) (citation omitted). Finally, the Court finds that the class representative and class counsel have adequately represented the class. Therefore, the Court preliminarily approves the proposed settlement, subject to the right of the settlement class to be heard on the terms and reasonableness of the settlement at the hearing on final approval.

## Proposed Notice Plan

The class representative presented the Court with a plan (Notice Plan) to provide notice to the settlement class members of the terms of the proposed settlement agreement and the various options the settlement class members have, including, among other things, an option to opt out of the settlement class and an option to object to the proposed settlement agreement. Dockets 86, 86-1, 86-2, 86-3. At the Rule 23(e) hearing on November 25, 2025, the Notice Plan was refined to reach as many class members as possible and enable more class members to see the notice and act on it if so desired.

The Court finds that the Notice Plan, as refined at the November 25 hearing, constitutes the best practicable notice to the settlement class; is reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; constitutes due and sufficient notice of the proposed settlement to the settlement class; and satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other applicable law. The Court further finds that the Notice Plan is appropriate and proper here because the parties have established to the

Court's satisfaction that it is neither practical nor reasonable to give individual notice to the settlement class members.

Non-material modifications to the Notice Plan exhibits may be made without further order of the Court. The notice administrator, American Legal Claims Services, Inc., is directed to carry out the Notice Plan in conformance with the proposed settlement and the duties outlined at the November 25 hearing.

The Court finds that the proposed schedule for publication of notice and the time frames within which action is required by class members are reasonable. As determined at the November 25 hearing, the dates and deadlines for action to be taken by class members under the Notice Plan, the name and information of the notice administrator, and the website link and QR code are to be inserted in the Notice Plan exhibits by class counsel before notice is published. Class counsel is directed to promptly inform the Court of the date upon which publication begins and file with the Court an affidavit verifying that class notice has been completed as required.

### **Final Approval Hearing**

The final approval hearing shall take place before the Court not more than 30 days after the expiration of the 45-day notice period. Class counsel is directed to file a motion, with supporting documents including the final settlement agreement, for final approval of the settlement not more than 15 days after notice is published.

After the final approval hearing is scheduled, class counsel is directed to

give notice of the final approval hearing to each class member that files an objection in compliance with the requirements pertaining to objections. The notice must inform the class member that the final approval hearing will determine, among other things: (a) whether the proposed settlement class should be finally certified for settlement purposes pursuant to Rule 23; (b) whether the settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the settlement class; (c) whether final judgment should be entered in accordance with the settlement's terms dismissing all claims in the second amended complaint and lawsuit with prejudice; (d) whether settlement class members should be bound by any releases set forth in the settlement; and (e) any other matters the Court deems necessary and appropriate, including written objections to the proposed settlement that comply with the requirements described below pertaining to objections. Class counsel is directed to file with the Court an affidavit verifying that such notice has been given as required.

Any settlement class member that was not timely and properly excluded from the settlement class in the manner described below may appear at the final approval hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed settlement. However, no settlement class member that has elected to be excluded from the settlement class shall be heard on or entitled to contest the approval of the settlement terms and conditions as proposed or, if approved, the judgment to be entered. Any settlement class member who does not make an objection in the time and

manner provided herein shall be deemed to have waived such objection and forever be foreclosed from making an objection to the proposed settlement unless the Court otherwise orders.

Class counsel and Defendants' counsel should be prepared at the final approval hearing to respond to objections filed by settlement class members and to provide other information as appropriate bearing on whether the settlement should be approved.

The Court reserves the right to adjourn or continue the final approval hearing and related deadlines without further written notice to the settlement class. If the Court alters any of those dates or times, the revised dates and times shall be provided by class counsel to each class member that filed an objection in compliance with the requirements pertaining to objections.

## **Exclusion from the Class**

Any settlement class member that wishes to be excluded from the settlement class must (1) mail a completed "Class Action Opt-Out Form" as provided in the Notice Plan to the notice administrator at the address provided, postmarked no later than 45 days from the notice date, via first class postage pre-paid United States mail, or (2) email a completed "Class Action Opt-Out Form" as provided in the Notice Plan to the notice administrator at the email address listed no later than 45 days from the notice date.

If a settlement class member fails to provide all the required information on or before the deadline specified, that class member shall be bound by all determinations and judgements in this matter concerning the settlement,

including but not limited to the releases set forth in the settlement and a final approval judgment.

The notice administrator shall provide the parties with copies of all opt-out notifications promptly after receipt. Not later than 10 days before the final approval hearing, class counsel shall move to file under seal with the Court a final list of all that have submitted valid and timely exclusion requests.

### **Objections to the Settlement**

Any settlement class member that wishes to object to the proposed settlement must either (1) send a letter containing the information identified in the Notice Plan to the Clerk of Courts at the address provided, postmarked no later than 45 days from the notice date, via first class postage pre-paid United States mail, or (2) send an email containing the information identified in the Notice Plan to the notice administrator at the email address listed no later than 45 days from the notice date. The objector must also include a statement in the letter or email indicating whether the objector and/or the objector's counsel intends to appear at the final approval hearing.

Any settlement class member that fails to comply with the provisions for objecting will waive and forfeit any and all rights that may exist to object and shall be bound by all determinations and judgements in this matter concerning the settlement, including but not limited to the releases set forth in the settlement and a final approval judgment. Any settlement class member who both objects to the settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

The notice administrator shall provide the parties with copies of all objections received promptly after receipt. Not later than 10 days before the final approval hearing, class counsel shall move to file under seal with the Court a final list of all that have submitted valid and timely objections to the notice administrator.

## Remaining Matters

With the exception of the actions to be taken as directed in this Order, the case is stayed pending the final approval of the settlement. The Court reserves the right to approve the settlement with such modifications that may be agreed to by the parties, if appropriate, without further notice to the settlement class. If the Court does not execute and file a judgment finally approving the settlement, or if the effective date of the settlement does not occur for whatever reason, the proposed settlement agreement shall be deemed null and void and shall have no effect whatsoever.

IT IS SO ORDERED

Dated December 3, 2025.

BY THE COURT:

*/s/ Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE